1  MARVIN M°ELROY, C 73869
   AVENAL SP
2  PO BOX 8
   AVENAL, CA 93204
3



4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE

10 NORTHERN DISTRICT OF CALIFORNIA

11                                    E-filing

12                                    CV 08        2936

13 MARVIN M°ELROY                     Case No. _____
            Plaintiff
14                                    COMPLAINT UNDER THE

15      v                             CIVIL RIGHTS ACT

16 CALIFORNIA DEPARTMENT OF           42 USC §1983  AND
   CORRECTIONS AND REHABILITATION, et al.;
17 WILLIAM GAUSEWITZ, DIRECTOR OF CDCR;  DEMAND FOR JURY TRIAL
   AVENAL STATE PRISON, et al.;
18 JAMES HARTLEY, (A)WARDEN OF ASP;
   D. ARUNE; J. BOSTON; G. SIMON; M. NERI;
19 D. JACKSON; C/OS HARRIS AND ROCHA.
            Defendant(s).
20 _____/

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

1   CAPTION . . . . . . . . . . . . . . . 1

2   I    JURISDICTION . . . . . . . . . . 1

3   II   VENUE . . . . . . . . . . . . . 2

4   III  ADMINISTRATIVE REMEDIES . . . . . . .

5   IV   PARTIES . . . . . . . . . . . . .

6   V    STATEMENT OF FACTS . . . . . . . . 3

7        A.  EXCESSIVE USE OF FORCE . . . . . . 5

8        B.  C/Os HARRIS AND ROCHA'S FAILURE TO PROTECT . . 7

9        C.  FAILED ATTEMPTS AT RAISING MENTAL HEALTH ISSUES .

10  VI   CLAIMS FOR RELIEF. . . . . . . . . 8

11       A. FEDERAL CLAIMS FOR RELIEF . . . . . .

12       ① VIOLATIONS OF PRISONER'S EIGHTH AMENDMENT RIGHT
13          TO BE FREE FROM THE EXCESSIVE USE OF FORCE

14       ② VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT
15          TO BE FREE FROM THE EXCESSIVE USE OF FORCE.  9

16       ③ VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT
17          TO BE FREE FROM THE EXCESSIVE USE OF FORCE.  11

18       ④ VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO
19          BE PROTECTED FROM VIOLENCE BY OTHER PRISONERS . 12

20       ⑤ VIOLATION OF PRISONER'S EIGHTH AMENDMENT
21          RIGHT TO PERSONAL SAFETY. . . . . . 13

22       ⑥ VIOLATION OF PRISONER'S FOURTEENTH AMENDMENT
23          RIGHT TO PROCEDURAL DUE PROCESS. . . . 14

24       B. STATE CLAIMS FOR RELIEF. . . . . . . 15

25       ① DEFENDANT(S)/PRISON OFFICIALS' WRONGFUL AND
26          NEGLIGENT ACTS AND OMISSIONS HAVE CAUSED
            PLAINTIFF IRREPARABLE INJURY AND HARM . . .
27  VII  PLEADING REQUIREMENTS (PER F.R. Civ. P. 26) . . .

28  VIII PRAYER FOR RELIEF. . . . . . . . .

DEMAND FOR JURY TRIAL . . . . . . . 16

XIX  VERIFICATION . . . . . . . . .

ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION/TRO 17

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF
ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION/TRO . 19

I. PRISON OFFICIALS VIOLATED THE 8TH AMENDMENT BY
DEPRIVING PLAINTIFF OF HIS RIGHT TO PERSONAL
SAFETY AND TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT. . . . . . . . . . .

II  PRISON OFFICIALS/OFFICERS FAILURE TO REASONABLY
RESPOND TO, AND PROTECT PLAINTIFF FROM ASSAULT BY
OTHER INMATES, VIOLATED PLAINTIFF'S 8TH AMENDMENT
RIGHT, UNDER THE FED. CONST., TO BE FREE FROM CRUEL
AND UNUSUAL PUNISHMENT . . . . . . . 22

III.  DEFENDANTS USE OF EXCESSIVE FORCE VIOLATED PLAINTIFF'S
8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND
UNUSUAL PUNISHMENT . . . . . . . . 24

IV  VERIFICATION . . . . . . . . . 26

DECLARATIONS IN SUPPORT FOR ORDER TO SHOW CAUSE FOR .
A PRELIMINARY INJUNCTION / TRO . . . . . . .

#1 MARVIN McELROY . . . . . . . . 27
#2   ''       '' . . . . . . . . 29
#3   ''       '' . . . . . . . . 32
#1 JOHN UPSHAW . . . . . . . . 34
#1 CHARLES WALTON . . . . . . . . 35
#2   ''       '' . . . . . . . . 36

EXHIBITS

A.
  Ai   T DEEGAN REPORT . . . . . . . . Ai

iii

B.

    Bi    G. SIMON REPORT . . . . . . . . . . . .   Bi

C.

    Ci    LIPPER REPORT , . . . . . . . . . . .   Ci

D.

    Di    GOODMAN REPORT. . . . . . . . . . .   Di

E.

    Ei    BOSTON REPORT . . . . . . . . . . .   Ei

F.

    Fi    M NERI REPORT . . . . . . . . . . .   Fi

G.

    Gi    I.E. REPORT. . . . . . . . . . .   Gi

H.

    Hi    ROCHA/HARRIS. . . . . . . . . . .   Hi

I.

    Ii.    LETTER OF COMMENDATION . . . . . . .   Ii

    Iii    NOTICE OF 'HIT' AND ORDER TO TRANFER FROM DVI TO MCSP  Iii

J.

    Ji    GYM EXCLUSION . . . . . . . . . . .   Ji

K.

    Ki    SINGLE CELL ASSIGNMENT DUE PSYCHOLOGICAL REASONS .   Ki

L.

    Li    SINGLE CELL ASSIGNMENT [A]GAIN FOR SAME REASONS. .   Li

M.

    Mi    (See at EXHIBIT 'Dii')  Mi

N.

    Ni    MEDICAL RECORDS . . . . . . . . .   Ni

O.

   Oi     PSYCHE REPORT ASP. . . . . . . . . . . Oi

   Oii    ''     ''   MCSP. . . . . . . . . . Oii

P.

   Pi    602 REGARDING ENEMY CONCERNS . . . . . . Pi

   Pii   APPLICATION FOR ADA RESPONSE . . . . . . Pii

   Piii  CDC 114-D LOCKUP ORDER . . . . . . . . Piii

   Piv  WARDEN'S RESPONSE TO 602 ALLEGING TO HAVE READ C-FILE Piv

Q.

   Qi   BLACKED OUT CONFIDENTIAL MAIL TO THE DIRECTOR OF CDCR

           THAT SENT BACK - PLAINTIFF HAD SENT NOTICE OF TRO . Piv

                                                 Qi

MOTION FOR APPOINTMENT OF COUNSEL

SUMMONS

MARVIN McELROY, C-73869
AVENAL SP
PO BOX 8
AVENAL, CA  93204

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARVIN McELROY,
        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION et al,
WILLIAM GALSEWITZ, DIR. OF CORRECTION;
AVENAL STATE PRISON (ASP) et al,
J.D. HARTLEY (A) WARDEN OF ASP;
D. ARLINE CAPTAIN OF ASP;LT J. BOSTON;
SGT G. SIMON; C/O T. DEEGAN; C/O D.
JACKSON; C/O M. NERI; C/O HARRIS; C/O
ROCHA.
        Defendant(s)

Case No. _____

COMPLAINT UNDER THE CIVIL
RIGHTS ACT 42 USC §1983 AND
DEMAND FOR JURY TRIAL

## I.  JURISDICTION

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 USC §1983 TO REDRESS
THE DEPRIVATION, UNDER THE COLOR OF STATE LAW, OF THE RIGHTS SECURED
BY THE CONSTITUTION OF THE UNITED STATES.

2. THIS COURT HAS JURISDICTION OVER PLAINTIFF'S FEDERAL CLAIMS
UNDER 28 USC §§1331 and 1343(a)(3).

1

3. PLAINTIFF SEEK DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §§ 2201 and 2202

4. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. §§ 2283 and 2284 and RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE

5. THIS COURT ALSO HAS JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS UNDER 28 USC. § 1367.

## II VENUE

6. THE NORTHERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C § 1391(b)(1) BECAUSE THE DIRECTOR OF CDCR IS IN NORTHERN CALIFORNIA.

## III ADMINISTRATIVE REMEDIES

7. PLAINTIFF HAS FILED SEVERAL INMATE APPEALS IN REGARD TO THE MATTERS MENTIONED HEREIN THIS COMPLAINT, THAT HAVE GONE UNANSWERED; AND FURTHER DELAY WILL MORE THAN LIKELY CAUSE PLAINTIFF TO CONTINUE TO SUFFER FURTHER HARM.

PLAINTIFF FURTHER CONTENDS THAT PRESSING THE ISSUE WILL ONLY INSIGHT FURTHER RETALIATION. ANGRY PRISON OFFICIALS CAN GET AWAY WITH ALOT.

## IV PARTIES

### A. PLAINTIFF

8. PLAINTIFF, MARVIN M^cELROY, CDCR# C-73869, IS/WAS AT ALL TIMES MENTIONED HEREIN IS/WAS A PRISONER OF THE STATE OF CALIFORNIA IN THE CUSTODY OF THE CDCR, AND IS CURRENTLY CONFINED AT ASP.

### B. DEFENDANT(S)

9. DEFENDANT, WILLIAM GIUSEWITZ IS THE DIRECTOR OF CDCR. HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION INCLUDING ASP WHERE M^cELROY IS CONFINED. HE IS THE FINAL POLICY MAKER OF CDCR.

10. DEFENDANT, JAMES D. HARTLEY, IS THE WARDEN OF ASP. HE IS ASP's FINAL POLICY MAKER WHO IS LEGALLY RESPONSIBLE FOR THE OPERATION OF ASP AND FOR THE WELFARE OF EACH INMATE AT ASP.

11. DEFEDANT, D. ARLINE, IS THE CAPTAIN OF ASP's FACILITY THREE. HE IS POLICY MAKER WHO IS LEGALLY RESPONSIBLE FOR THE OPERATION OF ASP AND FOR THE WELFARE OF EACH INMATE AT ASP.

12. DEFENDANT LIETENANT J. BOSTON (BADGE # 53827) IS A SUPERVISORY WHO IS RESPONSIBLE FOR THE OPERATION OF ASP AND FOR THE WELFARE OF EACH INMATE AT ASP.

13. DEFENDANT SGT G. SIMON (BADGE # 60967) IS A SUPERVISORY OFFICIAL WHO IS RESPONSIBLE FOR THE OPERATION OF ASP AND FOR THE WELFARE OF EACH INMATE, AT ASP.

14. DEFENDANT(S) C/Os T. DEEGAN (BADGE # 51852), D. JACKSON (BADGE # 73774), M. NERI (BADGE # 63395), HARRIS AND ROCHA ARE PROPERLY TRAINED CORRECTIONAL OFFICERS WHO RESPONSIBLE FOR THE SAFE CUSTODY OF THE INMATES CONFINED IN THE INSTITUTION OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION.

15. EACH DEFENDANT, IS SOED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITIES.

16. AT ALL TIMES MENTIONED HEREIN THIS COMPLAINT THE DEFENDANTS HAVE AND CONTINUE TO ACT UNDER THE COLOR OF STATE LAW.

II STATEMENT OF FACTS

17. AT ALL TIMES MENTIONED HEREIN THIS COMPLAINT THE PLAINTIFF, MARVIN MᶜELROY, CDCR # C-73869 IS AND OR WAS AN INMATE IN THE CARE, THE CUSTODY, THE SAFEKEEPING AND CONTROL OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S OFFICIALS, STAFF/PERSONNEL WHILE INCARCERATED AT AVENAL STATE PRISON.

18. The Plaintiff, Marvin McElroy, was transfered from DVISP to MCSP July 23, 1993 after prison authorities learned of a threat to Marvin's life; because he came to the assistence of Lieutenant Giottonini while he was under attack from another inmate, on July 6, 1993. On September 2, 1993, Warden Ivalee Henry gave Mr McElroy a letter of commendation for his success in curtailing the staff assault, at which time he was further endorsed and retained in SMY due to ongoing enemy concerns

Mr McElroy has been incarcerated now over 26 years, and had only recieved two write-ups prior to being transfered to ASP in Nov '07, that took place inspite of an expired gym exclusion chrono, for mental condition, that prison officials failed to renew, even though the issue had been raised, with Mr Olson his psyche case worker at Mule Creek.

Since Mr McElroys arrival at ASP, his request to Dr. Olsen for reevaluation of placement at ASP, and to have the gym exclusion chrono reinstated have gone ignored, he has also been assaulted by two inmates, that custody officers Harris and Rocha allowed to escape after braking Marvin's wrist; and later officers Jackson and Neri dragged him kicking, screaming and yelling, by Marvin's broken wrist and elbows in handcuffs across the institution back to the yard, while disregarding his enemy concerns of the ones that got away.

As a result of this chain of events, Marvin now suffers a loss of mobility in his right hand and wrist, post traumatic stress disorder and has subsequently been placed in the enhanced outpatient (EOP) program at Avenal State Prison

## A. EXCESSIVE USE OF FORCE

19. MARCH 14, 2008 ABOUT 14:45 HRS IN CELL #1 OF THE OUT-PATIENT HOUSING UNIT (OHU), Mr. McELROY SAT REMEMBERING, C/O LOPEZ'S LECTURE, FOR ORIENTATION THE DAY HE ARRIVED (NOV. 21, 2007), WHEN SHE CAUTIONED INMATES TO STAY OUT OF TROUBLE BECAUSE ASP ONLY HAS TWO SNY YARDS, SO INMATES CAN'T TRANSFER TO/ FROM ONE YARD TO THE OTHER TO GET AWAY FROM ENEMIES OR GAMBLEING DEBTS BECAUSE KITCHEN WORKERS FROM BOTH YARDS INTERMINGLE AND DO FAVORS FOR EACH OTHER.

SO WHEN DEFENDANT DEEGAN TOLD Mr. McELROY THEY WERE REHOUSING HIM ON THE 3 YARD (/FA3) HE IMMEDIATELY FEARED FOR HIS LIFE AND SAFETY, CAUSE HE IS NO LONGER SELF ABLE TO DEFEND HIS' DUE TO A BROKEN WRIST, FROM A FIGHT ON 4 YARD THAT DEFENDANTS HARRIS AND ROCHA OF ASP-HU420 ON JANUARY 26, 2008, LET Mr. McELROYS ATTACKERS FLEE; AND THEY HAVE NOT YET BEEN IDENTIFIED (see RVR F4-08-01-044 [EXHIBIT 'H']) MARVIN McELROY DECLARATION #2) (see also UPSHAW DECLARATION)

Mr. McELROY THEN ATTEMPTED TO CONVEY HIS FEARS AND SAFETY/ENEMY CONCERNS TO DEFENDANT DEEGAN, AND SHOWED HIM THE PINS IN HIS RIGHT WRIST, TO HOLD IT TOGETHER AND THAT HE WAS DEFENSELESS (see EXHIBIT A, INCIDENT REPORT # ASP-FA3-08-03-0070, PG 18-4 AT Ln. 12 [T. DEEGAN]).

AFTER FURTHER DISAGREEMENT DEEGAN CALLED DEFENDANT, LT. BOSTON WHO TOLD HIM TO WAITE FOR DEFENDANT SGT G. SIMON; BUT DEEGAN TRIED TO FURTHER CONVINCE Mr McELROY THAT IF WENT TO FA3-PROGRAM OFFICE HE COULD "VOICE" HIS CONCERNS THERE. Mr McELROY CONTINUED TO REFUSE, AND THEN SHOWED HIM AGAIN.

DEFENDANT SIMON ARRIVED AT OHU CELL #1 AND OBSERVED DEEGAN "TRYING TO CONVINCE" Mr McELROY TO GO TO FA3, WITH NO RESPONSE. AFTER SPEAKING WITH DEFENDANT BOSTON, THE DEFENDANTS RETURNED TO THE CELL AND INFORMED Mr McELROY OF THEIR ORDERS TO ASSEMBLE AN EXTRACTION TEAM TO REMOVE HIM FROM THE CELL. Mr McELROY THEN LAYED DOWN AND "HUGGED THE SEAT" AND TOLD THE DEFENDANTS "NO, NO PLEASE DON'T".

"INMATE MCELROY", DEEGAN STATES "APPEARED TO BE IN AN [A]LTERED STATE OF MIND BY
THE VISIBLE SHIVERING OF HIS BODY, THE MORE PRONOUNCED VEINS..." Id at PG 3 of 4;
THE DEFENDANT ORDERED MR MCELROY "TO RELEASE" HIS GRIP FROM THE BENCH, WITH
NO RESULTS. WHILE PULLING OUT HIS PEPPER SPRAY, HE GRABBED AND JERKED MR.
MCELROYS INJURED RIGHT ARM. MCELROY IN PAIN LOUDLY YELLED "NO"; TRYING TO EASE
THE PAIN DEEGAN WAS CAUSING, HE LEANED TOWARD DEEGAN AS HE JERKED HIS ARM,
THE DEFENDANT PEPPER SPRAYED MR MCELROY. HIS SKIN AND EYE SHUT AND BURNING MR.
MCELROY LET OUT A SCREAMING CRY FOR HELP AS SNOT POURED UNCONTROLABLY FROM
HIS NOSE. THE DEFENDANT INCITEING ORDERED MR MCELROY TO LET GO AND JUST
TO "DO AS YOUR TOLD". HOWEVER NOW BLIND, IN SHOCK GASPING FOR AIR AND COMPLETLY
OVERWHELMED WITH FEAR AND EXHAUSTION MARVIN HELD ON FOR HIS LIFE SHIVERING WITH
TERROR, NOT ~~ANYTHING~~ SAYING ANYTHING JUST LISTENING TO THE GURGLE OF WHAT
HE BELIEVE WOULD SOON BE HIS FINAL BREATH; ALTHE WHILE DEFENDANT SIMON STOOD
WATCHING AS HE TALK WITH BOSTON, IN BETWEEN MARVIN'S CRIES, ON THE PHONE (SEE EXHIBIT
B. INCIDENT REPORT # ASP-FA3-08-03-0070 [G. SIMON]; SEE ALSO EXHIBIT A, INCIDENT REPORT Id.)
20.  OFFICER LIPPER WHO WAS FAMILIAR WITH MR MCELROY TOLD HIM THAT HE WOULD
BE TAKEN TO AD SEG; SO MR MCELROY COMPLIED WITH HIS ORDERS AND STOOD UP AND
SUBMITTED TO RESTRAINTS "WITHOUT INCIDENT" (SEE EXHIBIT C et seq).

AT APPROXIMATELY 16:10 HRS DEFENDANTS M.NERI AND D.F. JACKSON APROACH
MR MCELROY, NOW SITTING COMLY IN A WHEELCHAIR,"... OFFICER NERI AND I ...
BEGAN TO ESCORT HIM... ONCE WE APROACHED THE FACILITY 3 PLAZA GATE MCELROY
BEGAN RESISTING AND YELLING 'I AM NOT GOING BACK TO THE YARD, I AM NO GOING
BACK.' OFFICER NERI AND I [L]IFTED MCELROY HIGHER TO GAIN CONTROL..." (SEE
EXHIBIT 'G', RVR # FJ-08-03-013 [I.E REPORT], STAFF WITNESS # 3 at PG 3 of 4). MCELROY
UNABLE TO GAIN ANY FOOTING BEGAN YELLING, WHILE THEY DANCED HIM ALONG,
TILL HE LOST HIS FOOTING COMPLETELY; AND THE DEFENDANTS THEN DRAGGED
HIM WHILE SCRAPING HIS KNEES ALL THE WAY ACROSS THE PLAZA TO FA3 SUPPORT
OFFICE AS DEFENDANTS CAPTAIN ARLINE, LT BOSTON AND SGT SIMON FOLLOWED

6

1  TILL HE WAS DROPPED IN FRONT OF THE OFFICE DOOR (SEE EXHIBIT E, RVR# F3-
2  08-03-013 et seq)

3  21.   SOON AFTER MEDICAL ~~WERE~~ STAFF WERE ORDERED TO RETRIEVE A BEWILDERED
4  WIMPERING MARVIN FROM THE OFFICE DOORWAY, AND TO TAKE HIS VITALS INSIDE
5  THE MEDICAL BUILDING.

6      WHILE THE NURSE WAS TAKING HIS VITALS HE WAS GIVEN AN ORDER TO
7  STAND-UP. MCELROY STILL BLIND FROM THE PEPPER SPRAY, TRIPPED ON THE
8  WHEELCHAIR LEG REST AND STUMBLED FORWARD. THE DEFENDANTS  TACKLED
9  HIM AND SHOVED THE ONCE EXPOSED PINS HOLDING TOGETHER HIS WRIST, ALL
10 THE WAY INTO THE BONE BENEATH HIS SKIN. MCELROY COULD DO NOTHING BUT
11 ~~WILL~~ CRY OUT IN PAIN "YOU BROKE MY WRIST!"

12   **B. C/O'S HARRIS AND ROCHA'S FAILURE TO PROTECT**
13 22.   JANUARY 26, 2008 DEFENDANTS HARRIS AND ROCHA OBSERVED MCELROY
14 BEING ASSAULTED BY TWO OTHER INMATES IN THE BACK OF ASP-FA4-HU420.

15     THEY ALLOWED THIS ATTACK TO MIGRATE ALL THE WAY TO THE
16 FRONT OF THE BUILDING BEFORE SOUNDING THE ALARM.

17     FURTHERMORE, THEY ALLOWED HIS ATTACKER TO GET AWAY; IN A
18 LOCKED BUILDING HOUSING APROX. 200 INMATES.

19     MR MCELROYS ATTACKER CALLED HIM A "CDP", AND IT IS UPON
20 INFORMATION AND BELIEF, AND THEREON ALLEGED, THAT HIS ATTACKERS
21 WERE REFERING TO THE AFORE MENTIONED "LETTER OF COMMENDATION" HE
22 RECIEVED FOR COMEING TO THE AIDE OF LIETENANT GIOTTONINI (SEE
23 EXHIBIT 'I'. LETTER OF COMMENDATION (SEP '93)); (SEE ALSO EXHIBIT 'H', MCELROY
24 DECLARATION AND RVR#F4-08-01-044)

25   **C. FAILED ATTEMPTS OF RAISING MENTAL HEALTH ISSUES**
26 23.   THROUGHOUT THE YEARS, MR MCELROY HAS BEEN GIVEN SPECIAL HOUSING
27 CONSIDERATIONS FOR VARIOUS REASONS; MAINLY STRESS RELATED (SEE EXHIBIT
28 'J', GYM EXCLUSION CHRONO; EXHIBIT 'K', SINGLE CELL; SEE also EXHIBIT 'L', SINGLE CELL),

1  MR. McELROY HAS A WELL DOCUMENTED HISTORY OF STRESS DISORDER
2  AND OF ANXIETY CAUSED BY HIS INCARCERATION (see EXHIBIT 'L' et seq.).

3  MR McELROY'S HOUSING ISSUES WEREN'T OF CONCERN WHILE AT MCSP.
4  HOWEVER UPON INFORMATION OF HIS TRANSFER TO ASP, HE IMMEDIATELY
5  RAISED HIS CONCERNS WITH MR. OLSON HIS PSYCHE CASEWORKER AT MCSP
6  AND ATTEMPTED TO POSTPONE HIS TRANSFER TILL HIS CHRONOS WERE
7  UPDATED; BUT HIS PROPERTY WAS PACKED IT WAS TO LATE. FURTHERMORE HE
8  HAS SUFFERED A BROKEN LEG AS WELL, AFTER BEING ATTACKED FOR HIS
9  ASSISTANCE TO AN OFFICER (See EXHIBIT 'M' et seq.).

10  SINCE HIS ARRIVAL AT ASP HIS REQUEST TO DR OLSEN, AND OTHER ASP
11  PSYCHE TEAM DR(S), FOR REVIEW OF HIS PLACEMENT HERE, AND TO HAVE HIS
12  GYM EXCLUSION CHRONO UPDATED HAVE BEEN IGNORED. NOR DID THEY RAISE
13  THESE ISSUES AT HIS INITIAL CLASSIFICATION COMMITTEE HEARING AT ASP.
14  **VI  CLAIMS FOR RELIEF**
15    A. FEDERAL CLAIMS FOR RELIEF
16      ① VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO
17         BE FREE FROM THE USE OF EXCESSIVE FORCE
18  24. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH
19  ALLEGATION OF PARAGRAPH 1 THROUGH 23, INCLUSIVE, AS IF ALLEGED HEREIN.
20  25. DEFENDANTS DEEGAN AND SIMON AND BOSTON VIOLATED MR McELROYS
21  EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL
22  PUNISHMENT IN THE FORM OF EXCESSIVE FORCE, BY THEIR UNNECESSARY AND
23  WANTON INFLICTION OF PAIN, INCLUDING PHYSICAL INJURY AND PSYCHOLOGICAL AND
24  EMOTIONAL DISTRESS; AS HEREIN ALLEGED.
25  26. SPECIFICALLY, DEFENDANT, DEEGAN KNOWINGLY, MALICIOUSLY AND SADISTICALLY
26  INFLICTED PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UPON MR. McELROY WHEN
27  HE GRABBED AND JERKED ON HIS BROKEN ARM/WRIST AND SPRAYED HIM TWICE
28  WITH PEPPER SPRAY AT POINT BLANK RANGE IN HIS FACE, IN FRONT OF

8

FEDERALLY PROTECTED RIGHTS.

31. AS A DIRECT AND PROXIMATE RESULT OF ALL OF THE DEFENDANTS ACTIONS HEREIN ALLEGED; MARVIN MⁿELROY SUFFERED, AND CONTINUES TO SUFFER, PHYSICAL INJURY. MARVIN MⁿELROY IS ENTITLED TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

32 AS A DIRECT AND PROXIMATE RESULT OF ALL THE DEFENDANTS ACTIONS HEREIN ALLEGED, MARVIN MⁿELROY SUFFERED, AND CONTINUES TO SUFFER, SEVERE EMOTIONAL AND PSYCHOLOGICAL DISTRESS. MARVIN MⁿELROY IS ENTITLED TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

33. MR MⁿELROY IS ENTITLED TO INJUNCTIVE RELIEF, INCLUDING, BUT NOT LIMITED TO, AN ORDER REQUIRING HIS TRANSFER AWAY FROM A S P, WHERE HE WILL NOT BE SUBJECTED TO RETALIATION INSTIGATED/RATIFIED BY ANY OF THE DEFENDANTS. THERE IS NO ADEQUATE REMEDY AT LAW TO PROTECT MR MⁿELROY FROM SAID RETALIATION, AND WITHOUT THE EQUITABLE RELIEF SOUGHT HE IS SUSCEPTIBLE TO GREAT INJURY. THE BALANCE OF HARDSHIPS TIPS MARKEDLY TOWARD MARVIN MⁿELROY IN THAT THERE WOULD BE LITTLE OR NO PREJUDICE OR HARM TO THE DEFENDANTS SHOULD MR. MⁿELROY BE TRANSFERED AWAY ASP, BUT GREAT HARM TO MARVIN MⁿELROY SHOULD HE BE REQUIRED TO STAY AT THAT INSTITUTION.

## ② VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM THE USE OF EXCESSIVE FORCE

34. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23, INCLUSIVE, AND PARAGRAPHS 28, THROUGH 33, INCLUSIVE, OF THE FIRST CLAIM, AS IF ALLEGED HEREIN.

35. DEFENDANTS NERI, JACKSON, SIMON, BOSTON AND D. APLINE VIOLATED MARVIN MⁿELROY'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL IN THE FORM OF EXCESSIVE FORCE, BY THEIR UNNECESSARY AND WANTON INFLICTION OF PAIN, INCLUDING PHYSICAL INJURY AND PSYCHOLOGICAL AND EMOTIONAL DISTRESS, AS HEREIN ALLEGED.

1  DEFENDANT SIMON. DEFENDANTS' ACTIONS/FAILURE TO ACT OFFENDS
2  CONTEMPORARY STANDARDS OF DECENCY.

3  27.    PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT
4  DEFENDANTS SIMON AND LT BOSTON, KNEW THAT DEFENDANT DEEGAN WAS
5  CAPABLE OF, AND LIKELY TO PERPETRATE SUCH OUTRAGEOUS ACT AS THE PEPPER
6  SPRAYING OF MR MCELROY AT POINT BLANK RANGE AND THE GRABBING OF HIS
7  BROKEN WRIST. PLAINTIFF FURTHER INFORMED AND BELIEVES, AND THEREON
8  ALLEGES, THAT DEFENDANT ~~DEEGAN~~ SIMON KNEW THAT SUCH CONDUCT WOULD BE
9  HARMFUL TO MR MCELROY OR ANY OTHER INMATE SUBJECT TO SUCH CONDUCT,
10 YET HE ALLOWED DEFENDANT TO REMAIN IN HIS POSITION OF AUTHORITY, AND
11 TO CARRY OUT THE OFFENSIVE BEHAVIOUR. IN DOING SO, DEFENDANT SGT SIMON
12 IMPLEMENTED A POLICY THAT REPUDIATED MARVIN MCELROYS CONSTITUTIONAL
13 RIGHTS AND WAS UNCONSCIONABLE. UNDER THE DOCTRINE OF SUPERVISORY
14 LIABILITY DEFENDANT SGT SIMON IS LIABLE FOR MARVIN MCELROYS INJURIES.

15 28.    PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT
16 JAMES D. HARTLEY IS IN A POSITION OF AUTHORITY SUCH THAT HE COULD ARRANGE,
17 OR ORDER TO BE ARRANGED, A TRANSFER FOR MR MCELROY AWAY FROM A S P,
18 WHERE MR MCELROY IS SUBJECTED TO RETALIATION AND IS FEARFUL FOR HIS WELL-
19 BEING AND SAFETY. PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON
20 ALLEGES, THAT IN FACT DEFENDANT HARTLEY KNOWS OF MR MCELROYS REQUESTS
21 FOR TRANSFER, OF THE ALLEGED RETALIATION, AND OF MARVIN MCELROYS FEAR,
22 YET DEFENDANT HARTLEY HAS FAILED AND REFUSED TO FACILITATE MR MCELROYS
23 TRANSFER.

24 29.    DEFENDANTS, ~~AND~~ EACH OF THEM, SUBJECTED MARVIN MCELROY TO THIS
25 PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UNDER CIRCUMSTANCES WHICH DID NOT
26 REQUIRE THE USE OF PHYSICAL FORCE WHATSOEVER.

27 30.    DEFENDANTS' ACTS, AS ALLEGED HEREIN, WERE DESPICABLE, KNOWING, WILLFUL,
28 MALICIOUS, AND/OR CARRIED OUT WITH RECKLESS DISREGARD FOR MARVIN MCELROYS

36.    SPECIFICALLY, DEFENDANTS KNOWINGLY, MALICIOUSLY AND SADISTICALLY INFLICTED PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UPON MARVIN MCELROY WHEN THEY PAINFULLY DRAGGED HIM ACROSS FA3 PLAZA BY HIS BROKEN WRIST IN HAND-CUFFS. DEFENDANTS' ACTIONS OFFEND CONTEMPORY STANDARDS OF DECENCY.

37.    PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANT(S) CAPTAIN D. ARLINE, LT. BOSTON, AND SGT G. SIMON, KNEW THAT DEFENDANT(S) NERI AND JACKSON WAS/IS CAPABLE OF, AND LIKELY TO PERPETRATE SUCH AN OUTRAGEOUS ACT AS DRAGGING MARVIN BY HIS BROKEN WRIST IN HAND-CUFFS ACROSS FA3 PLAZA. PLAINTIFF IS FURTHER INFORMED AND BELIEVES; AND THEREON ALLEGES, THAT DEFENDANT [C]APTAIN D. ARLINE KNEW THAT SUCH CONDUCT WOULD BE HARMFUL TO MR MCELROY OR ANY OTHER INMATE SUBJECTED TO SUCH CONDUCT, YET ALLOWED DEFENDANT(S) NERI AND JACKSON TO REMAIN IN THEIR POSITION OF AUTHORITY, AND TO CARRY OUT THE OFFENSIVE BEHAVIOR. IN DOING SO DEFENDANT CAPTAIN D. ARLINE IMPLEMENTED A POLICY THAT REPUDIATED MARVIN MCELROY CONSTITUTIONAL RIGHTS AND WAS UNCONSCIONABLE. UNDER THE DOCTRINE OF SUPERVISORY LIABILITY DEFENDANT CAPTAIN D. ARLINE IS LIABLE FOR MARVIN MCELROY'S INJURIES.

③ VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM THE USE OF EXCESSIVE FORCE

38.    PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23, INCLUSIVE, AND PARAGRAPHS 28 THROUGH 33, INCLUSIVE, OF THE FIRST CLAIM, AS IF ALLEGED HEREIN.

39.    DEFENDANT(S) NERI AND JACKSON VIOLATED MARVIN MCELROY'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF EXCESSIVE FORCE, BY THEIR UNNECESSARY AND WANTON INFLICTION OF PAIN, INCLUDING PHYSICAL INJURY AND PSYCHOLOGICAL AND EMOTIONAL DISTRESS, AS HEREIN ALLEGED

40.    SPECIFICALLY, DEFENDANTS KNOWINGLY, MALICIOUSLY AND SADISTICALLY INFLICTED

11

1  PHYSICAL, EMOTIONAL, AND MENTAL ABUSE UPON MR M^cELROY WHEN THEY TACKLED HIM IN
2  THE MEDICAL BUILDING AND PUSHED THE, ONCE EXPOSED, PINS, HOLDING HIS ~~WRIST~~ BROKEN
3  WRIST TOGETHER, ALL THE WAY INTO THE BONE BENEATH THE SKIN. DEFENDENTS'
4  ACTIONS OFFEND CONTEMPORARY STANDARDS OF DECENCY.

5  41.    PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDENT
6  SIMON KNEW THAT DEFENDENTS NERI AND JACKSON WAS CAPABLE OF, AND LIKELY TO
7  PERPETRATE SUCH AN OUTRAGEOUS ACT AS JUMPING ON/TACKLEING A BLIND AND CRIPPLE
8  MARVIN M^cELROY. PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON ALLEGES,
9  THAT DEFENDANT SIMON KNEW THAT SUCH CONDUCT WOULD BE HARMFUL TO MARVIN OR
10  ANY OTHER INMATE SUBJECTED TO SUCH CONDUCT, YET ALLOWED DEFENDENTS NERI
11  JACKSON TO REMAIN IN THEIR POSITION OF AUTHORITY, AND TO CARRY OUT OFFENSIVE
12  BEHAVIOR. IN DOING SO, DEFENDANT SIMON IMPLEMENTED A POLICY THAT REPUDIATED MARVIN'S
13  CONSTITUTIONAL RIGHTS AND WAS UNCONSCIONABLE. UNDER THE DOCTRINE OF SUPERVISORY
14  LIABILITY DEFENDANT SIMON IS LIABLE FOR MARVIN'S INJURIES.

15  (4) VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT
16      TO BE PROTECTED FROM VIOLENCE BY OTHER PRISONERS

17  42.    PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL
18  ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23, INCLUSIVE, AND PARAGRAPHS 28 THROUGH 33,
19  INCLUSIVE, OF THE FIRST CLAIM, AS IF ALLEGED HEREIN.

20  43.    DEFENDANTS HARRIS AND ROCHA VIOLATED MARVIN M^cELROY'S EIGHTH AMENDMENT
21  RIGHT TO BE PROTECTED FROM VIOLENCE BY OTHER PRISONERS, BY FAILING TO
22  RESPOND WHEN MARVIN WAS UNDER ATTACK THEY WERE/ARE DELIBERATELY
23  INDIFFERENT TO MARVIN'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT
24  AND HAS RESULTED IN SIGNIFICANT IRREPAIRABLE INJURY. SAID INJURY HAS INCLUDED,
25  BUT NOT NECESSARILY BEEN LIMITED TO, A SECOND SURGERY, MULTIPLE TRIP'S TO HOSPITAL
26  TO HAVE CAST REPLACED BECAUSE OF CONTINUED SWELLING, PERMANENT LOSS OF RANGE
27  OF MOTION/UNABLE TO BEND HAND BACK, AND VERY SEVERE PAIN. PLAINTIFF'S
28  MEDICAL CONDITION ALSO SIGNIFICANTLY AFFECTS ACTIVITIES IN PRISON EACH/EVERY DAY.

44.    PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS HARRIS AND ROCHA ACTED INTENTIONALLY IN THE MANNER DESCRIBED ABOVE WITH KNOWLEDGE OF SUFFERING, BY THE PLAINTIFF, AND OF THE RISK OF FURTHER SERIOUS INJURY AND HARM THAT RESULTED FROM THEIR ACTION OF REFUSEING TO ACT.

45.    AS A PROXIMATE RESULT OF DEFENDENT(S) HARRIS AND ROCHA'S CONDUCT, MARVIN HAS SUFFERED AND CONTINUES TO SUFFER GENERAL DAMAGES IN THE FORM OF SEVERE PAIN AND SUFFERING AND EMOTIONAL, MENTAL AND PSYCHOLOGICAL DISTRESS. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT HE WILL CONTINUE TO SUFFER SUCH DAMAGES IN THE FUTURE.

⑤ VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO PERSONAL SAFETY

46.    PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL ALLEGATIONS OF PARAGRAPHS 1 THROUGH 45, INCLUSIVE, AS IF ALLEGED HEREIN.

47.    DEFENDENT(S) HAVE DENIED MARVIN MᶜELROY HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF DEPRIVATION OF PERSONAL SAFETY, THUS DENYING A BASIC HUMAN NEED GUARANTEED TO PRISONERS BY THE UNITED STATES CONSTITUTION.

48.    IN DOING SO AS ALLEGED HEREINABOVE, DEFENDANT(S) ACTED WITH DELIBERATE INDIFFERENCE TO MARVINS PERSONAL SAFETY, AND SUBJECTED HIM TO UNNECESSARY AND WANTON INFLICTION OF PAIN, INCLUDING PHYSICAL INJURY AND PYSCHOLOGICAL AND EMOTIONAL DISTRESS, IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT. SPECIFICALLY, DEFENDENT(S) WERE DELIBERATELY INDIFFERENT TO MARVIN MCELROY'S RIGHT TO HAVE PERSONAL SAFETY WHEN THEY INTENTIONALLY, KNOWINGLY, AND MALICIOUSLY INFLICTED PHYSICAL ABUSE AND HOMILIATION ON MARVIN BY GRABBING AND JERKING HIS BROKEN ARM/WRIST, PEPPER SPRAYING HIM, DRAGGING HIM ACROSS FA3 PLAZA BY HIS BROKE WRIST IN HANDCUFFS, TACKLEING HIM, AWATCHING HIM BEING ASSUALTED BY (T)WO INMATES WHO BROKE MARVINS WRIST THAT DEFENDANT(S) HARRIS AND ROCHA LET GET AWAY, AND BY ASP OFFICIAL KNOWINGLY HOUSED MR MᶜELROY UNDER CONDITIONS THAT, FOR HIM,

1    IMPOSE AN ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY

2    INCIDENTS OF PRISON LIFE, AND IS ALSO A VIOLATION OF HIS RIGHTS TO DUE PROCESS

3    UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

4    49.    DEFENDENT(S) ACTED DESPICABLY, KNOWINGLY, WILLFULLY, AND MALICIOUSLY, OR

5    WITH RECKLESS OR CALLOUS DISREGARD FOR MR McELROY'S FEDERALLY PROTECTED RIGHTS.

6    50.    AS A DIRECT AND PROXIMATE RESULTS OF ALL OF THE DEFENDENT(S)' ACTIONS

7    HEREIN ALLEGED, MARVIN SUFFERED, AND CONTINUES TO SUFFER, PHYSICAL INJURY. MR McELROY

8    IS ENTITLED TO AN AWARD OF COMPENSATORY AND ~~RESTRICT~~ PUNITIVE DAMAGES FOR

9    INJURIES SUFFERED.

10    51.    AS A DIRECT AND PROXIMATE RESULT OF THE DEFENDENT(S)' ACTIONS HEREIN

11    ALLEGED, MARVIN SUFFERED, AND CONTINUES TO SUFFER, SEVERE EMOTIONAL AND PYSCHOLOGICAL

12    DISTRESS. MR McELROY IS ENTITLED TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES

13    FOR INJURIES SUFFERED.

14    52.    MARVIN McELROY IS ENTITLED TO INJUNCTIVE RELIEF, INCLUDING, BUT NOT LIMITED

15    TO, AN ORDER REQUIREING HIS TRANSFER AWAY FROM ASP, WHERE HE WILL NOT BE

16    SUBJECTED TO RETALIATION INSTIGATED/RATIFIED BY ANY OF THE DEFENDENT(S) THERE

17    IS NO ADEQUATE REMEDY AT LAW TO PROTECT MARVIN FROM SAID RETALIATION, AND

18    WITHOUT THE EQUITABLE RELIEF SOUGHT HE IS SUSCEPTIBLE TO GREAT IRREPARABLE

19    INJURY. THE HARM TO THE DEFENDENT(S) SHOULD MR McELROY BE TRANSFERED AWAY

20    FROM ASP, IS LITTLE OR NO PREJUDICE, BUT GREAT HARM TO MARVIN SHOULD HE BE

21    REQUIRED TO STAY AT THAT INSTITUTION.

22    ⑥ VIOLATION OF PRISONER'S FOURTEENTH AMENDMENT

23    RIGHT TO PROCEDURAL DUE PROCESS

24    53.    PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH ALLEGATION OF

25    PARAGRAPHS 1 THROUGH 52, INCLUSIVE, AS IF ALLEGED HEREIN.

26    54.    DEFENDANT(S)/PRISON OFFICIALS HAVE DENIED MARVIN McELROY HIS 14 AMEND.

27    RIGHTS, BY DEPRIVING PLAINTIFF OF HIS LIBERTY INTEREST WITHOUT DUE PROCESS.

28    55.    IN DOING SO, AS ALLEGED HEREIN ABOVE, DEFENDANT(S) HAVE KNOWINGLY CAUSED

1  MARVIN PAIN, AS A RESULT OF DEFENDANT(S), DELIBERATE INDIFFERENCE FOR MR M°ELROYS

2  8TH AMEND. RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, MARVIN HAS

3  SUFFERED AND CONTINUES SUFFER IRREPARABLE INJURY AND EMOTIONAL, MENTAL AND

4  PSYCHOLOGICAL DISTRESS, AS A DIRECT/INDIRECT RESULT OF THE DEFENDANT(S)

5  ACTIONS OR FAILURE TO ACT, HAVE THUS FAR CAUSED MARVIN TO SUFFER AN "

6  ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS

7  OF PRISON LIFE".

8  56.    PLAINTIFF, HEREBY REALLEGES AND INCORPORATES BY REFERENCE EACH

9  ALLEGATION OF PARAGRAPHS 49 THROUGH 52, INCLUSIVE, AS IF ALLEGED HEREIN.

10     B. STATE CLAIMS FOR RELIEF(/ CAL. TORT CLAIMS)

11        ① DEFENDANT(S)/OTHER PRISON OFFICIALS` WRONGFUL AND

12           NEGLIGENT ACTS AND OMISSIONS HAVE CAUSED PLAINTIFF

13           IRREPARABLE HARM AND INJURY

14  57.    PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH ALLEGATION

15  IN A GENERAL WAY OF PARAGRAGHS 1 THROUGH 23, INCLUSIVE, AS IF ALLEGED HEREIN.

16  58.    PLAINTIFF HAS FILED A COMPLAINT WITH THE BOARD OF CONTROL THAT WAS

17  REJECTED; THAT ADDRESSED THE ISSUES RAISED HEREIN THIS COMPLAINT.

18  58.    AS A RESULT OF THE DEFENDANT(S) WRONGFULLY NEGLIGENT ACTS AND

19  OMISSIONS MARVIN M°ELROY HAS SUFFERED AND CONTINUES TO SUFFER IRREPARABLE

20  INJURY.

21  59.    PLAINTIFF REALLEGES AND INCORPDRATES BY REFERENCE EACH ALLEGATION OF

22  PARAGRAPHS 49 THROUGH 52, INCLUSIVE, AS IF ALLEGED HEREIN.

23  VII PLEADING REQUIREMENTS (F.R.CIV.P. 26)

24  60.    ALL OF THE ABOVE STATED FACTS/CLAIMS, HAVE BEEN "PLED

25  WITH 'PARTICULARITY' AS REQUIRED" BY RULE 26.

26  VIII PRAYER FOR RELIEF

27     WHEREFORE, PLAINTIFF, MARVIN M°ELROY PRAYS FOR JUDGEMENT

28  AGAINST DEFENDANTS AS FOLLOWS:

15

1    1.    DECLARATORY RELIEF; DECLARE EACH PARTY'S RIGHTS AND
2  LIABILITIES;
3    2.    INJUNCTIVE RELIEF; IN THE FORM PROPER CLASSIFICATION/
4  HOUSING PLACEMENT THAT FACTORS IN AND CONSIDERS PLAINTIFFS
5  HEALTH/IMPAIRED MOBILITY/PSYCHIATRIC CONDITION AND 'SAFETY' CONCERNS;
6    3.    COMPENSATORY DAMAGES; OF $120,000.00 FOR:
7        a.  $20,000.00 FOR IRREPARABLE HARM/INJURY SUFFERED AS
8            RESULT OF DEFENDANTS ACTION/INACTION A DESCRIBED ABOVE,
9        b.  $10,000.00 FOR EACH DEFENDANT NAMED HEREIN ABOVE;
10    4.    PUNITIVE DAMAGES; OF $1,000,000.00 FOR THE MALICIOUS AND
11  SADISTIC ACT PLAINTIFF WAS SUBJECTED TO BY SAID DEFENDANTS;
12    5.    NOMINAL DAMAGES AS DECIDED AT TRIAL;
13    6.    REASONABLE ATTORNEY'S FEES PURSUANT TO 42 USC § 1988;
14    7.    COST OF SUIT; AND
15    8.    SUCH FURTHER RELIEF THIS COURT DEEMS PROPER.
16  DEMAND FOR JURY TRIAL
17  PLAINTIFF, MARVIN MCELROY HEREBY DEMANDS A TRIAL BY JURY.
18  DATED: MARCH 29, 2008                    RESPECTFULLY SUBMITTED
19
20                            BY: _Marvin  McElroy_
                                MARVIN MCELROY
21  ~~VIX~~ VERIFICATION
22    1, MARVIN MCELROY, STATE:
      I AM THE PLAINTIFF IN THE CIVIL COMPLAINT. I HAVE READ THE FOREGOING
23  COMPLAINT AND THE FACTS STATED THEREIN ARE THOSE OF MY OWN KNOWLEDGE, EXCEPT
24  AS TO MATTERS THAT ARE THEREIN STATED UPON INFORMATION AND BELIEF, AND AS TO
25  THOSE MATTERS I BELIEVE THEM TO BE TRUE.
26    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
27  EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29, 2008.
28  _Marvin  McElroy_
      MARVIN MCELROY

                            16

1   MARVIN MᶜELROY, C73869
    AVENAL SP
2   PO BOX 8
    AVENAL, CA 93204
3

4

5

6

7

8   UNITED STATES DISTRICT COURT

9   FOR THE

10  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MARVIN MᶜELROY,
              Plaintiff,
14      V.                                    ORDER TO SHOW CAUSE FOR A

15  CALIFORNIA DEPARTMENT OF                  PRELIMINARY JUNCTION AND A
    CORRECTIONS AND REHABILITATION,
16  DIRECTOR OF CORRECTIONS, W.D. GAUSEWITZ, et al.,  TEMPORARY RESTRAINING ORDER
    AVENAL STATE PRISON, et al.,
17  JAMES D. HARTLEY, WARDEN.                 AND MEMORANDUM OF LAW AND
              Defendant(s)
18                                            DECLARATIONS SUBMITTED HEREWITH

19                                            IN SUPPORT OF

20  _____/        Civil Action No _____

21      UPON THE COMPLAINT, THE SUPPORTING DECLARATIONS OF PLAINTIFF, AND THE

22  MEMORANDUM OF LAW SUBMITTED HEREWITH, IT IS:

23      ORDERED THAT DEFENDANTS WILLIAM GAUSEWITZ, DIRECTOR OF CORRECTIONS

24  AND JAMES D. HARTLEY, WARDEN OF AVENAL STATE PRISON SHOW CAUSE IN

25  ROOM _____ OF THE UNITED STATES COURTHOUSE AT, _____

26  _____ ON THE _____ DAY OF _____, 2008, AT _____

27  O'CLOCK, WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE PURSUANT TO

28  RULE 65(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE ENJOINING THE

17

1  DEFENDANTS, THEIR SUCCESSOR IN OFFICE, AGENTS AND EMPLOYEES AND ALL

2  OTHER PERSONS ACTING IN CONCERT AND PARTICIPATION WITH, FROM/TO:

3      1.   TRANSFER PLAINTIFF AWAY FROM ASP, TO A NONDORMITORY INSTITUTION;

4      2.   CALL TO HEARING/REVIEW PLAINTIFF'S CURRENT CLASSIFICATION

5  SCORE AND ADJUST HIS HOUSING PLACEMENT TO MEET THE LEVEL OF SECURITY

6  REQUIRED TO MAINTAIN HIS HEALTH AND SAFETY.

7      3.   REVIEW ALL PERTINENT DOCUMENTS/FILES NECESSARY TO THE SAFE

8  KEEPING AND WELLBEING OF PLAINTIFF, AND ANY OTHER DESCISIONS AFFECTING

9  HIS WELFARE/HOUSING PLACEMENT

10    IT IS FURTHER ORDERED THAT EFFECTIVE IMMEDIATELY, AND PENDING

11  THE HEARING AND DETERMINATION OF THIS ORDER TO SHOW CAUSE, THE

12  DEFENDANTS W. GRUSEWITZ AND J.D. HARTLEY AND EACH OF THEIR OFFICERS,

13  AGENTS, EMPLOYEES, AND ALL PERSONS ACTING IN CONCERT OR PARTICIPATION

14  WITH THEM, ARE RESTRAINED FROM:

15      4.   PHYSICALLY ABUSING PLAINTIFF/USEING EXCESSIVE FORCE;

16      5.   ANY FURTHER VERBAL/MENTAL/EMOTIONAL/PSYCHOLOGICAL ABUSE;

17      6.   ARBITRARY, CAPRICIOUS/ANY IRRATIONAL CLASSIFICATION OF PLAINTIFF;

18      7.   HOUSING PLAINTIFF IN GYMS/DORMITORY HOUSING UNITS;

19      8.   DEPRIVING PLAINTIFF WITH PERSONS DEFINED UNDER 15 CCR §3141; AND

20      9.   ANY OTHER ACTION THAT MAY OBSTRUCT PLAINTIFF'S ACCESS TO THE COURTS

21  INCLUDING THE ERRONIOUS SCREEN OUTS OF GRIEVANCES, THAT SUBSEQUENTLY HAS

22  EFFECT/AFFECT OF PREVENTING INMATES FROM EXHAUSTING ADMINISTRATIVE

23  REMEDIES.

24    IT IS FURTHER ORDERED THAT THE ORDER TO SHOW CAUSE, AND ALL OTHER

25  PAPERS ATTACHED TO THIS APPLICATION BE SERVED ON THE AFORESAID PLAINTIFF BY

26  JUNE 27, 2008.

27   

28  DATED: _____

    UNITED STATES DISTRICT JUDGE

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER
TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND FOR A
TEMPORARY RESTRAINING ORDER.

I.    PRISON OFFICIALS VIOLATED THE 8TH AMENDMENT BY
      DEPRIVING PLAINTIFF OF HIS RIGHT TO PERSONAL SAFETY
      AND TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

1.  IN EVALUATING A CLAIM OF CRUEL AND USUAL PUNISHMENT, A COURT FIRST
ASK WHETHER THE DEPRIVATION WAS SUFFICIENTLY SERIOUS. WILSON V. SEITER
(1991) 501 U.S. 294 [III S.CT. 2321;115 L.ED. 2D 271]. THIS OBJECTIVE COMPONENT
REQUIRES A DEPRIVATION OF LIFE'S MINIMAL CIVILIZED MEASURES OF LIFE'S NECESSITIES."
HUDSON V. McMILLAN (1992) 503 U.S. 1 [112 S.CT. 995; 117 L.ED. 2D 156] (CITING
RHODES V. CHAPMAN (1981) 452 U.S. 337, 347 [101 S.CT. 2392; 69 L.ED. 2D 59])

2.  PERSONAL SAFETY IS ONE OF LIFE'S NECESSITIES. HOPTOWIT V. RAY (9TH CIR 1982)
682 F. 2D 1237, 1246. WHETHER A CONDITION OR INJURY VIOLATES CONTEMPORARY
STANDARDS OF DECENCY WILL VARY FROM SITUATION TO SITUATION. A TRANSFER MIGHT
SUBJECT A PRISONER TO CRUEL AND UNUSUAL PUNISHMENT IF THE PRISONER WOULD
BE PLACED WITH KNOWN ENMIES [O]R OTHERS WHO WOULD CAUSE SERIOUS HARM. SEE
FARMER V. BRENNAN (1994) 511 U.S. 825 [114 S.CT. 1970; 128 L.ED. 2D. 811] ( PRISON OFFICIALS
HAVE DUTY TO PROTECT PRISONERS FROM VIOLENCE AT THE HANDS OF OTHER PRISONERS
; A CONSTITUTIONAL VIOLATION OCCURS WHEN THE DANGER OF HARM IS "SUFFICIENTLY
SERIOUS" AND THE PRISON OFFICIALS ACT WITH "DELIBERATE INDIFFERENCE" TO
INMATE'S HEALTH OR SAFETY).

3.  THE PLAINTIFF HAS BEEN PLACED WITH THOSE WHO CAUSED HIM SERIOUS HARM (see
EXHIBIT 'H') IN DOING SO PRISON OFFICIALS HAVE NEGLECTED TO PERFORM THEIR DUTY AND
PROTECT THE PLAINTIFF AND ARE DELIBERATELY INDIFFERENT TO THE FUTURE RISK
OF FUTURE HARM THE PLAINTIFF IS FACING. WHILE, THE PLAINTIFF HAS RAISED HIS
CONCERNS, PRISON OFFICIALS HAVE FAILED TO PROTECT HIM, EVEN THOUGH THEY HAVE
HAD, AND CONTINUE TO HAVE THE ABILITY TO DO SO. IN THE PLAINTIFF'S RECENTLY FILED
ADMINISTRATIVE APPEAL RAISING "LIFE AND SAFETY CONCERNS" (see EXHIBIT 'P;

1    ASP-M-08-01308, denied, SGT PHELAN STATED at [APPEAL RESPONSE]"... IF YOU HAD BEEN ABLE

2    TO IDENTIFY THESE INMATES AT THE TIME OF THIS ALLEGED INCIDENT APPROPRIATE

3    STEPS WOULD BE IN PLACE SO AS NOT JEPORDIZE YOUR SAFETY...").

4      IT'S NOT THE PLAINTIFFS JOB TO PROTECT HIMSELF NOR ANY ONE ELSE/INMATES.

5    PLAINTIFF, 59 WEARS GLASSES, ALLEGES THAT HE TRIED TO IDENTIFY HIS ATTACKERS,

6    WHO ATTACKED HIM WITHOUT WARNING, BUT COULD NOT; THOUGH DID IDENTIFY RAYMOND

7    MARTINEZ (see MCELROY DECLARATION #2 at[PARAGRAPH 2]) WHO HAD PREVIOUSLY TRIED TO

8    ECSTORT COLOR PENCILS FROM PLAINTIFF (MARTINEZ KNOWS ABOUT PLAINTIFF'S 'LETTER

9    OF COMMENDATION' FOR HELPING A "COP"); THEY LIVED IN THE SAME HOUSING UNIT.

10    PLAINTIFF ALSO ALLEGES HE WAS DENIED A CHANCE TO IDENTIFY (BY PHOTO LINE UP) THE

11    WITNESSES, WHO WERE TAKEN ~~CUSTODY~~ INTO CUSTODY AT THE TIME OF THE

12    INCIDENT, NOR WAS HE PERMITTED TO CALL FORTH ALL THOSE INMATES (see EXHIBIT'P;'

13    at [PG 15] RVR# F4-08-01-044) WHO WERE IN THE AREA OF THE INCIDENT, TO HELP

14    IDENTIFY HIS ATTACKERS. FURTHERMORE ALL OF PLAINTIFF'S ENEMY CONCERNS, HAVE

15    BEEN/ARE BECAUSE PLAINTIFF IN 1993 "RESCUED" A CORRECTIONAL OFFICER WHO WAS

16    BEING VICIOUSLY ATTACKED BY ANOTHER INMATE, INMATES WHO PROBLY WOULD TAKE HIS

17    LIFE IF THEY FOUND OUT, THAT PLAINTIFF ALSO "SNITCHED"/(RAT); CONSIDERING

18    THE DEFENDANTS/OTHER PRISON OFFICIALS FAILURE TO RESPOND REASONABLE TO

19    THE PLAINTIFF'S SAFETY AND ENEMY CONCERNS.

20    4.  A CONDITION WHICH HAS NOT CAUSED ANY PRESENT INJURY MAY STILL VIOLATE THE

21    8TH AMENDMENT IF IT THERE IS "IMMINENT DANGER," AND THE CONDITION IS VERY LIKELY

22    TO CAUSE "SERIOUS ILLNESS AND NEEDLESS SUFFERING." HELLING V. MCKINNEY (1993) 509

23    U.S. 25 [113 S.CT. 2475; 125 L.ED. 2D 28] (INMATE EXPOSURE TO CIGERATE SMOKING); WALLIS V.

24    BALDWIN (9TH CIR. 1995) 70 F. 3D 1074 (REQUIRING INMATES TO CLEAN ATTIC WHEN JAILERS

25    KNEW OR SUSPECTED PRESENCE OF ABESTOS COULD VIOLATE 8TH AMENDMENT).

26      THE PLAINTIFF HAS DEMONSTRATED HE IS IN "IMMINENT DANGER" AND THAT HE HAS

27    NEEDLESSLY SUFFERED AND HE CONTINUES TO SUFFER PAIN CAUSED THE ATTACKS OF INMATES

28    AND FROM THE ABUSE/USE OF EXCESSIVE FORCE BY THE DEFENDANTS AND FROM THE

1    DEFENDANTS NEGLECTING TO PROPERLY TRAIN THEIR STAFF. PLAINTIFF IS ALSO

2    SUFFERING SERIOUS ILLNESS, POST TRAUMATIC STRESS DISORDER, AS A RESULT OF THE

3    DEFENDANTS' AND PRISON OFFICIALS ACTIONS/FAILURE TO ACT/REASONABLY RESPOND TO

4    PLAINTIFF'S SAFETY CONCERNS AND NEEDS.

5    5.   IN DETERMING WHETHER A PARTICULAR CONDITION IS CONTRARY TO CIVILIZED

6    STANDARDS OF DECENCY, COURTS CAN CONSIDER THE OPINIONS OF EXPERTS, BUT SUCH OPINIONS

7    WILL NOT ORDINARILY ESTABLISH CONSTITUTIONAL STANDARDS. ACCORDING TO THE NINTH

8    CIRCUT COURTS OF APPEALS, WHAT THE GENERAL PUBLIC WOULD THINK ABOUT A

9    PARTICULAR CONDITION IS MORE IMPORTANT THAN EXPERT OPINION. HOPTOWIT V. RAY (9TH

10   CIR. 1982) 682 F.2D 1237; see also KEENAN V. HALL (9TH CIR. 1996) 83 F.3D 1083 (DISCUSSING

11   NUMEROUS CONDITIONS ISSUES THAT CAN RAISE EIGHTH AMENDMENT CONCERNS).

12   6.   THE SECOND COMPONENT REQUIRES A CONSIDERATION OF PRISON OFFICIALS STATE OF

13   MIND IN RELATION TO THE SITUATION BEING ADDRESSED. IS PRISON OFFICIALS CONDUCT WANTON?

14   STANDARD IS WHETHER AN OFFICIAL ACTED WANTONLY DEPENDS ON THE NATURE OF THE

15   PRISONER'S CLAIM. "WANTON" IN GENERAL PRISON CONDITIONS CASES MEANS ACTING WITH "

16   DELIBERATE INDIFFERENCE." A PRISON OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE IF HE

17   OR SHE KNOWS OF AND DISREGARDS AN INHUMANE CONDITION OR ACTION THAT CONSTITUTES AN

18   EXCESSIVE RISK TO INMATE HEALTH AND SAFETY.

19       THE FINAL POLICY MAKER(S) HAS READ/REVIEWED THE PLAINTIFF'S CENTRAL FILE, AND

20   IS AWARE OF THE EXCESSIVE RISK TO PLAINTIFF, AND THE NAMED SUPERVISORY OFFICIALS/OTHER

21   PRISON OFFICIALS AND PERSONNEL OBSERVED THE HARMFUL CONDUCT/EXCESSIVE USE OF

22   FORCE, ATTACKS FROM OTHER INMATES AND FAILED TO PROTECT PLAINTIFF, AND ARE AWARE OF

23   THE PLAINTIFF'S FRAGILE PSYCHOLOGICAL WELLBEING/HEALTH WHICH IS DIRECTLY AFFECTED

24   BY THE CONDITIONS OF HIS CONFINEMENT.

25   7.   IN THIS REGARD, A PRISON OFFICIAL "WOULD NOT ESCAPE LIABILITY IF THE EVIDENCE SHOWED THAT

26   HE MERELY REFUSED TO VERIFY UNDERLYING FACTS THAT HE STRONGLY SUSPECTED TO BE TRUE,

27   DECLINED TO CONFIRM INFERENCES OF RISK THAT HE STRONGLY SUSPECTED TO EXIST." FARMER V.

28   BRENNAN (1994) 511 U.S. 825, 842-843 [114 S.CT. 1970; 128 L.ED. 2D 811]; see also id. at FN.8.

II. PRISON OFFICIALS/OFFICERS FAILURE TO REASONABLY RESPOND TO, AND PROTECT PLAINTIFF FROM ASSAULT BY OTHER INMATES,VIOLATED PLAINTIFF'S 8TH AMENDMENT RIGHT, UNDER THE FEDERAL CONSTITUTION, TO BE **FREE** FROM CRUEL AND UNUSUAL PUNISHMENT

8. PRISONERS HAVE A RIGHT UNDER THE 8TH AMENDMENT OF THE FEDERAL CONSTITUTION TO BE REASONABLY PROTECTED FROM CONSTANT THREAT OF VIOLENCE AND SEXUAL ASSAULT BY FELLOW PRISONERS, AND HE/SHE NEED NOT WAITE UNTIL AN ASSAULT OCCURS TO OBTAIN RELIEF. FARMER V. BRENNAN (1994) 511 U.S. 825 [114 S.CT 1970;1128 L.ED. 2D 811]; NOLL V. CARLSON (9TH CIR. 1987) 809 F. 2D 1446; see also BERG V. KINCHELO (9TH CIR. 1986) 794 F. 2D 457; 459 (CLAIM BASED ON THREAT OF SUFFICIENT).

THE PLAINTIFF HAS A WELL DOCUMENTED HISTORY OF ENEMY CONCERNS, DATEING BACK TO 1993 (see EXHIBITS 'Iii' AND 'Oii'). THE PLAINTIFF'S MOST RECENT ATTACK, SUFFERED, ALSO, DEMONSTRATES THAT. THIS SELFLESS ACT, OF SAVING LT. GIOTTONINI JULY 6, 1993, IS STILL CONSTRUED BY THE GENERAL PRISON POPULATION, EVEN ON 'SNY YARDS, TO BE AN [U]NFORGIVABLE GESTURE/ ACT. THE ATTACK[S], HE HAS THUS FAR SUFFERED, BECAUSE OF SAID ACT, HAVE LEFT HIM WITH [T]WO [I]RREPARABLE INJURIES. HE WILL NEVER BE ABLE TO RUN AGAIN AND THE LOSS OF MOBILITY/ABILITY TO USE HIS RIGHT HAND/ WRIST/ARM, GREATLY REDUCES HIS QUALITY OF LIFE AND, IMPAIRS HIS ABILITY TO PERFORM LIFE'S MOST BASIC FUNCTIONS; LIKE TYEING HIS SHOES OR SIGNING HIS NAME.

HE HAS SUFFERED FAR MORE THAN A SIMPLE THREAT; HOWEVER THE NEXT INCIDENT WILL PROBLY TAKE HIS LIFE.

9. WHILE MERE NEGLIGENCE ON THE PART OF PRISON OFFICIALS IS INSUFFICIENT TO SUPPORT A CONSTITUTIONAL CLAIM; THEIR ACTIONS IN FAILING TO PROTECT A PRISONER MUST AMOUNT TO DELIBERATE INDIFFERENCE TO THE [P]RISONERS NEED. DAVID V. CANNON (1986) 474 US. 344 [106 S.CT, 688,

88 L.ED 2D 677.]; FARMER V. BRENNAN (1994) 511 US. 825 [114 S.CT. 1970; 128 L.ED. 2D 810; BERG V. KINCHELOE (9TH CIR. 1998) 794 F. 2D 457; HARRIS V. ROBERTS (N.D.CAL. 1989) 719 F. SUPP. 879; LEER V. MURPHY (9TH CIR. 1988) 844 F. 2D 628, 633; REDMAN V. COUNTY OF SAN DIEGO (9TH CIR. 1991) 942 F. 2D 1435.

PRIOR TO THE ATTACK; PLAINTIFF SUFFERED IN 2002, HE HAD GONE TO PRISON OFFICIALS AND INFORMED THEM THAT HIS CELLIE DID NOT WANT HIM AS A CELLY; BECAUSE OF THEIR FAILURE TO RESPOND REASONABLY, TO HIS GRIVANCE/COMPLAINT, HIS NOW UNABLE TO RUN; JUST LIKE TODAY, THE DEFENDANTS JUST STOOD THERE WITH CALLOUS INDIFFERENCE WATCHING A 59 YEAR OLD; ELDERLY MAN, BEING BRUTILY ATTACKED AND BEATEN BY TWO INMATES WHO BROKE HIS WRIST AND GOT AWAY.

IT'S THIS VERY SYSTEMIC PATTERN OF FAILING TO REASONABLY RESPOND TO VOICED CONCERNS/VISIBLY APPERANT SITUATIONS/CIRCUMSTANCES/INCIDENTS THAT HAS CHANGED THE PLAINTIFFS LIFE; AS HE ONCE KNEW IT.

10.   PRISON OFFICIAL'S KNOWLEDGE OF SUBSTANTIAL RISK TO INMATES SAFETY; FOR PURPOSE OF INMATES CLAIM THAT OFFICIAL VIOLATED 8TH AMENDMENT BY FAILING TO (PROTECT INMATE, IS QUESTION OF FACT AND CAN BE PROVEN BY CIRCUMSTANTIAL EVIDENCE; SEE HAMILTON V. LEAVY, 117 F. 3D 742 (1997). "WHILE NOT EVERY INJURY SUFFERED BY ONE PRISONER AT THE HANDS OF ANOTHER TRANSLATES INTO 8TH AMENDMENT LIABILIT FOR PRISON OFFICIALS RESPONSIBLE FOR VICTIM'S SAFETY BEING VIOLENTLY ASSAULTED IN PRISON IS SIMPLY NOT PART OF PENALTY THAT CRIMINAL OFFENDERS PAY FOR THEIR OFFENSES SOCIETY AND PRISON OFFICIALS DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF SERIOUS HARM TO INMATE THUS VIOLATES 8TH AMENDMENT PROHIBITION, ON CRUEL AND UNUSUAL PUNISHMENT; FARMER V. BRENNAN, 511 US. 825, 833, 114 S.CT. 1970, 1976, 128 L.ED. 2D 811 (1994) (QUOTING CORTES-QUINONES V. JIMENEZ-NETTLESH, 842 F. 2D 556, 558 (1ST CIR. 1988)); (SEE also RHODES V. CHAPMANN, 452 U.S. 337, 345, 101 S.CT. 2392, 2398, 69 L.ED. 2D 59 (1981).

III    DEFENDANTS USE OF EXCESSIVE FORCE VIOLATED PLAINTIFF'S 8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

11.  PRISONERS HAVE AN ABSOLUTE RIGHT, GAURANTEED BY THE 8TH AMEND. TO THE U.S. CONSTITUTION, TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, see U.S. CONSTITUTION, 8TH AMEND.("EXCESSIVE... CRUEL AND UNUSUAL PUNISHMENT INFLICTED."); see also CALIFORNIA CONSTITUTION, ARTICLE 1, §17. UNLIKE OTHER FEDERAL CONSTITUTIONAL RIGHTS, WHICH MUST BE BALANCED AGAINST SECURITY AND OTHER CONCERNS WHEN APPLIED TO PRISONERS, VIOLATIONS OF THE 8TH AMEND. CAN NEVER BE JUSTIFIED."THE EIGHTH AMENDMENT IS NOT A 'MAYBE' OR 'SOMETIMES' PROPOSITION. TOUSSAINT V. McCARTHY (9TH CIR. 1986) 801 F. 2D 1080, CERT DENIED, 107 S. CT. 2462 (1987)

A GAURDS USE OF EXCESSIVE FORCE AGAINST A PRISONER CAN VIOLATE THE 8TH AMEND., IN EXCESSIVE FORCE CASES, THE COURT MUST DETERMINE WHETHER THE FORCE WAS APPLIED "IN GOOD FAITH TO MAINTAIN OR RESTORE DISCIPLINE, OR MALICIOUSLY OR SADISTICALLY TO CAUSE HARM." HUDSON V. McMILLAN, 503 U.S. 1, 6, 112 S. CT. 995, 998, 117 L. ED. 2D 156 (1992); WHITLEY V. ALBUR (1986) 475 U.S. 312 [106 S. CT. 1078; 89 L. ED 2D 251] ; GAULT V. SUNN (9TH CIR. 1987) 810 F. 2D 923; ROBINSON V. MEECHAM (4TH CIR. 1991) 939 F. 2D 899, 701-702. "EXCESSIVE FORCE" IS ANY PHYSICAL CONTACT BY A GAURD THAT IS MEANT TO CAUSE HARM, RATHER THAN TO KEEP ORDER.

12.  TO DECIDE WHAT FORCE IS EXCESSIVE, JUDGES CONSIDER:

a. THE NEED FOR FORCE? NONE;

13.  THE PLAINTIFF IS A 59 YEAR OLD, 150 lb. ELDERLY MAN FEARING FOR HIS LIFE, BECAUSE HE WAS UNABLE TO DEFEND HIMSELF; BECAUSE HIS WRIST WAS BROKEN (WITH PINS STICKING OUT) BY TWO ATTACKERS, PRISON OFFICIALS FAILED TO CATCH AND ESOT THEY CAN BE ON EITHER YARD. FURTHERMORE THE PLAINTIFF [O]NLY BEGGED AND PLEADED NOT TO GO TO THE YARD BECAUSE OF ENEMY CONCERNS (see UPSHAW DECLARATION). PLAINTIFF HAS ALSO

24

1   ONLY RECIEVED THREE RULE VIOLATIONS, A LETTER OF COMMENDATION AND

2   POSITIVE PSYCHE REPORTS IN THE LAST [25] YEARS! SEE ATTACHED DOCS..

3   b. WHETHER THE AMOUNT OF FORCE USED WAS REASONABLE GIVE THE NEED?

4   14.   PLAINTIFF HAS A WELL DOCUMENT HISTORY OF ANXIETY/STRESS RELATE

5   DISORDERS. HOWEVER THAT IS NO EXCUSE FOR DEFENDENT T. DEEGAN TO

6   GRAB AND [J]JERK THE PLAINTIFF'S BROKEN ARM/WRIST THEN SPRAY HIM

7   WITH PEPPER SPRAY, THE PLAINTIFF WAS FROZEN IN TERROR "HUGGING" THE

8   BENCH. DEFENDENTS COULD HAVE CALLEN A PSYCHE TO REASON WITH HIM

9   C. HOW SERIOUS THE NEED FOR FORCE APPEARED TO THE GAURDS?

10   15.   DEFENDANT BOSTON CALLED THE ASSOCIATE WARDEN, THE DEFENDANT ORDERED

11   DEFENDANT SGT SIMON TO PREPARE FOR A CELL EXTRACTION, AND TO INFORM THE

12   PLAINTIFF (CELL EXTRACTION ARE VIDEOO TAPED [NORMALY]) IF DEFENDANT T.

13   DEEGAN BELIEVED THE PLAINTIFF TO BE A SERIOUS THREAT; HE MORE THAN

14   LIKELY WOULD HAVE WAITED FOR THE EXTRACTION TEAM, AS APOSED TO POKING

15   AND PRODING THE SCARED, CRIPPLED CAGED ANIMAL.

16   d. WHETHER THE GAURDS MADE EFFORTS TO USE AS LITTLE FORCE A NECESSARY?

17   16.   IS THERE ANY JUSTIFICATION FOR POLLING ON A MANS BROKEN ARM AND

18   PEPPER SPRAYING AT POINT BLANK RANGE?

19   e. HOW BADLY YOU WERE HURT?

20   17.   THE DEFENDANTS AWARE OF HIS BROKEN WRIST WILLFULLY AND WANTONLY WITH

21   MALICIOUS SADISTIC INTENT, JERKED HIS BROKEN WRIST, PEPPER SPRAYED HIM THEN

22   DRAGGED HIM ACROSS THE PLAZA IN HANDCUFFS BY HIS BROKEN WRIST AS HE SCREAMED

23   IN PAIN AND SUFFERED. THEN TACKLED HIM AND CAUSED THE PINS HOLDING HIS

24   WRIST TOGETHER TO BE SHOVED ALTHE WAY INTO THE BONE. PLAINTIFF ALSO NOW

25   SUFFERS FROM POST TRAUMATIC STRESS DISORDER AND LOSS OF MOBILITY IN WRIST.

26   18   THE DEFENDANT(S) ACTIONS/REFUSAL TO ACT HAVE DIRECTLY/INDIRECTLY

27   CAUSED MR McELROY TO NEEDLESSLY SUFFER, AND HE CONTINUES TO; THE DEFENDANT(S)

28   DELIBERATELY/CALLOUS INDIFFERENCE TO THIS UNREASONABLE RISK OF, FUTURE RISK OF,

25

1  FUTURE RISK OF SERIOUS HARM, IS IN VIOLATION OF THE 8TH AMENDMENT. FOR
2  THIS REASON, PLAINTIFF HUMBLY REQUEST THAT THIS HONORABLE COURT GRANT THIS
3  ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING
4  ORDER.

5  DATED: MAY 29, 2008

6  *Marvin McElroy*
7  MARVIN McELROY, C 73869

8

9  IV    VERIFICATION

10   I, MARVIN McELROY, STATE:

11   I AM THE PLAINTIFF IN THE ABOVE STATED MATTERS. I HAVE READ THE
12  FOREGOING COMPLAINT, ORDER TO SHOW CAUSE AND MEMORANDUM OF POINT AND
13  AUTHORITIES AND THE FACTS STATED THEREIN ARE TRUE OF MY OWN KNOWLEDGE,
14  EXCEPT AS TO MATTERS THAT ARE THEREIN STATED ON MY INFORMATION AND
15  BELIEF, AND AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

16   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
17  AND CORRECT. EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29,
18  2008.

19  RESPECTFULLY SUBMITTED

20  *Marvin McElroy*
    MARVIN McELROY
21
22
23
24
25
26
27
28

26

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  MARVIN MCELROY,                    DECLARATION IN SUPPORT OF
            Plaintiff,                 APPLICATION FOR PRELIMINARY
7                                      INJUNCTION AND TEMPORARY
8     V.                              RESTRAINING ORDER BY
9  CALIFORNIA DEPARTMENT OF           MARVIN MCELROY
   CORRECTIONS AND REHABILITATIONS
10 JAMES D. HARTLEY, WARDEN           Civil Action No._____
   AVENAL STATE PRISON, et al.,
11

12 DECLARATION UNDER PENALTY OF PERJURY BY MARVIN MCELROY
13     I, MARVIN MCELROY, BEING COMPETENT TO MAKE THIS DECLARATION AND
14 HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED HEREIN, DECLARES
15 PURSUANT TO 28 USC §1746:
16  1.  I, PLAINTIFF, MARVIN MCELROY, SUFFERED AND I CONTINUE TO SUFFER
17      IRREPARABLE PHYSICAL INJURY, AND I CONTINUE TO SUFFER, SEVERE EMOTIONAL
18      AND PSYCHOLOGICAL DISTRESS.
19      a.  JULY 6, 1993 AT DVISP MARVIN MCELROY RESCUED LT. GIOTTONINI WHO
20          WAS BEING ASSAULTED BY ANOTHER INMATE (see EXHIBIT 'I'). PRISON
21          OFFICIALS LATER TRANSFERED MR MCELROY TO MCSP, AFTER LEARNING
22          THE BLACKS AND WHITE WERE ORCHESTRATING A 'HIT' ON HIM.
23      b.  MR MCELROY, A LIFER, WAS HOUSED IN A LIFER HOUSING UNIT WERE THE
24          INCIDENT TOOK PLACE, MARVIN BELIEVES THESE LIFERS CALLED THE IHT.
25      c.  IN 2002 AT MCSP HE SUFFERED A BROKEN KNEE, AFTER HIS CELLY HAD
26          LEARNED THAT HE HELPED A 'COP' (see EXHIBIT 'Oi') HE CAN ENJEVER RUN AGAIN.
27      d.  JANUARY 26, 2008 AT ASP's-HU 420, HIS WRIST WAS BROKEN BY TWO INMATES
28          WHO LEARNED HE HELPED A 'COP'. THEY CALLED MARVIN A "COP" BEFORE

                                    27

THEY ATTACKED HIM. HE CAN NO LONGER BEND HIS WRIST BACK; THEREBY
EVEN FURTHER LIMITING THE EXCERCISE HE CAN DO (see EXHIBIT 'N').

2.    FURTHERMORE HIS ATTACKERS ARE STILL AT LARGE AT ASP 3/4 YARDS.

2.  PLAINTIFF HAS TRIED TO NOTIFY DEFENDANT(S) THAT HE IS APPLYING FOR A
TEMPORARY RESTRAING ORDER/PRELIMINARY INJUNCTION; BUT ASP PERSONNEL
HAVE DENIED HIM AND OTHER INMATES THEIR RIGHT TO CONFIDENTIALLY CORRESPOND
WITH PRISON OFFICIALS AS DEFINED BY AND AFFORDED INMATES UNDER THEIR
OWN 15 CCR & 3141.

a.    MAY 19 PLAINTIFF TRIED TO SERVE NOTICE ON THE DIRECTOR OF CORRECTIONS
BUT IT WAS RETURNED WITH PART OF THE ADDRESS [B]LACKED OUT (see
EXHIBIT 'Qi').

b.    HE HAS ALSO TRIED TO SERVE NOTICE ON ASP's WARDEN HARTLEY, HARTLEY
HAS NOT REPLIED/RESPONDED.

c.    PLAINTIFF UPON INFORMATION AND BELIEVES, AND THEREON ALLEGES, THAT THE
DEFENDANT(S) EMPLOYEES AND COWORKERS, ONGOING, ILLEGAL PRACTICES ARE
PURPOSELY DONE TO ASP'S INMATES TO DISCOURAGE INMATES FROM
EXCERCISING THEIR 1st AMENDMENT CONSTITUTIONAL RIGHT (see WALTON
DECLARATION #2)

3.  THERE IS NO SAID ADEQUATE REMEDY AT LAW TO PROTECT MR McELROY
FROM SAID RETALIATION, AND WITHOUT THE EQUATABLE RELIEF SOUGHT HE
IS SUSCEPTIBLE TO EVEN FURTHER GREAT IRREPARABLE INJURY. MONEY
DAMAGES WILL NOT FIX HIS INJURIES.

4.  FURTHERMORE PLAINTIFF IS LIKELY TO SUCCEED AT TRIAL; AND A PRELIMINARY
INJUNCTION/RESTRAINING ORDER WILL SERVE THE PUBLIC INTEREST.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29, 2008

*Marvin McElroy*
MARVIN McELROY

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  MARVIN M$^c$ELROY,
         Plaintiff,

7                                        DECLARATION IN SUPPORT OF

8     V.                                 REQUEST FOR PRELIMINARY

9  AVENAL STATE PRISON et al.,           INJUNCTION BY

10 JAMES D. HARTLEY, WARDEN,             MARVIN M$^c$ELROY, CDC# C73869
         Defendant(s).

11 ─────────────────────────────  ✓     Civil Action No. _____

12 DECLARATION UNDER PENALTY OF PERJURY OF MARVIN M$^c$ELROY

13     I, MARVIN M$^c$ELROY, BEING COMPETENT TO MAKE THIS DECLARATION AND

14 HAVEING PERSONAL KNOWLEDGE OF THE MATTERS STATED HEREIN DECLARES

15 PURSUANT TO 28 USC § 1746:

16 1.  NOV. 21, 2008, I WAS TRANSFERED TO ASP FROM MCSP. WHEN I ARRIVED AT

17 ASP's 'R-N-R', MYSELF AND THE OTHER INMATES WERE GIVEN OUR PROPERTY AND

18 NEW STATE CLOTHES. NEXT SGT DOE AND TWO OTHER OFFICERS, ONE WAS C/O

19 LOPEZ (MS.), TOOK US TO A CLASSROOM AND GAVE US A SPEECH! ON HOW TO PROGRAM

20 AT ASP. MS. LOPEZ SAID, THAT THERE IS, ONLY TWO SNY (3 AND 4) YARDS; AND IF YOU

21 OWE SOMEONE/YOU ARE IN DEBT(?)'PAY-UP'! BECAUSE! THE WORD WOULD GET BACK,

22 TO THE OTHER YARD, ABOUT YOU! AFTER THAT SPEECH, ON RULES! WE WERE TAKEN TO

23 OUR NEW HOUSING UNIT. FOR ME IT WAS 420.

24 2.  AFTER A FEW DAYS IN 420, I SAW RAYMOND MARTINEZ, AN INMATE FROM MCSP. WE

25 BOTH WAS ON THE SAME YARD 'B' (AT MCSP) AND WE STARTED TO TALK, AND HE BROUGHT-

26 UP, THAT HE KNEW ABOUT "THE GOOD GUY CHRONO"(LETTER OF COMMENDATION) AND WE

27 HAD PROBLEMS, BECAUSE, HE WANTED ME TO GET SOME COLOR PENCILS IN MY FIRST AND

28 ONLY PACKAGE! THE PACKAGE CAME TO ME, BUT WITH WRITING PAPER AND NO COLOR PENCILS.

1  SO WE FELL-OUT, OVER THAT AND STOP SPEAKING TO EACH OTHER.

2  3.   AROUND NOV/DEC '07, I WAS DUCETED TO SEE PSYCHE DR. OLSEN! WHEN I TOLD HIM

3  ABOUT MY "GYM [E]XCLUSION CHRONO" THAT I HAD, FROM MCSP AND I ASKED IF HE WOULD

4  CALL THERE AND TALK WITH "MR. OLS[O]N". HE SAID YES. LATER I WAS DUCETED TWO MORE

5  TIMES TO SEE ANOTHER (PSYCHE) AND A WOMEN. I TOLD THEM THE SAME STORY ABOUT

6  MY EXCLUSION CHRONO.

7  4.   JAN. 26, 2008 10 AM I HEARD SAY[CDP] TO ME, AND THEN, I WAS ATTACKED BY TWO

8  INMATES. THE TWO OFFICERS (HARRIS AND ROCHA) ALLOWED THEM TO GET AWAY! AND NOT

9  KNOW WHO THEY ARE/WERE? AFTER THE ATTACK ON ME, I WAS FINISHED!

10  5.   I WAS TRANSFERED TO FRESNO HOSPITAL, WITH A BROKEN WRIST!

11  6.   I RETURNED, BACK TO PRISON, THAT SAME DAY, BOUT 8 PM TO O.H.U. PHARMACY

12  WERE TWO OFFICERS, WERE WAITING ONE OF THEM WAS MS. LOPEZ SHE GAVE ME MY

13  LOCK-UP PAPERS AND PROPERTY LIST PAPER. LATER THAT NIGHT I WAS REHOUSED IN AD SEG.

14  7.   MARCH 6, 2008  I WENT TO COMMITTEE HEARING TO FA3, I TOLD COMMITTEE

15  MEMBERS OF ENEMY CONCERNS. THEY BELIEVED I DIDN'T HAVE ANY! OVER ON 3 YARD.

16  8.   MARCH 9, 2008  I LEFT AD-SEG AND WALKED TO FA3, WHERE I SAW TWO MORE ENEMYS.

17  9.   I TOLD THE LT., HE TOLD STAFF TO TAKE ME TO CLINIC FOR 7217 REPORT, AND THAT

18  WAS DONE SGT SIMON TOLD HIS STAFF ABOUT TO ORDER ME TO SIT ON THE BENCH OUTSIDE,

19  FOR AWHILE. TWO HOURS LATER SGT SIMON ASKED ME TO GO TO THE GYM. I REFUSED ON

20  ENEMY CONCERNS! SO HE! SAID TO ME, I DON'T CARE, IF YOU STAY, ALL NIGHT OUT HERE. SO

21  AFTER THAT, I LEFT THE BENCH, AND STARTED TO WALK THE YARD, ALL THE TIME, BEING

22  FOLLOWED BY STAFF. I THEN WALKED TO ANOTHER HOUSING UNIT, THEN SGT SIMON TOLD HIS

23  STAFF MEMBERS TO PLACE HANDCUFFS ON ME, AND TAKE ME TO THE PROGRAM OFFICE. I

24  WAS THEN PLACED IN THE MENTAL WARD TILL ABOUT MARCH 11/12/13, 2008, A SGT CAME TO

25  INTERVIEW ME, ON MY, ENEMY CONCERN ON 3 YARD.

26  10.   MARCH 14, 2008  ANOTHER SGT CAME TO VISIT ME, AND TOLD ME, THAT I WAS GOING

27  BACK TO AD SEG NOT 3 YARD!. SO I LEFT THE MENTAL WARD, WITH SGT TO BE PLACED

28  IN THE O.HU PHARMACY, HOLDING CELL.

11.  THEN I MET C/O DEEGAN!

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29 2008.

*Marvin ~McElroy*

MARVIN McELROY

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  MARVIN M^cELROY,
            Plaintiff.

7                                    DECLARATION IN SUPPORT OF
8     v.                             APPLICATION FOR PRELIMINARY
9  CALIFORNIA DEPARTMENT OF          INJUNCTION AND TEMPORARY
   CORRECTIONS AND REHABILITATION
10 JAMES D. HARTLEY, WARDEN          RESTRAINING ORDER BY
   AVENAL STATE PRISON, et al.,
11           Defendant(s)            MARVIN M^cELROY

12  _____  /   Civil Action No. _____

13 DECLARATION UNDER PENALTY OF PERJURY BY MARVIN M^cELROY

14     I, MARVIN M^cELROY, BE COMPETENT TO MAKE THIS DECLARATION AND HAVING

15 KNOWLEDGE OF THE MATTERS STATED HEREIN, DECLARES PURSUANT TO 28 USC

16 §1746:

17 1.  MAY 15, 2008 WHILE I WAS IN MY CELL, C/O FUGUNDES CAME TO THE DOOR

18 AND HE ASKED ME IF, I WAS TO HAVE CANTEEN TODAY? I SAID NO. THEN I

19 SAID I HAVE NO MONEY. THEN HE TOOK MY CELLY OUT OF OUR CELL, SO HE COULD PICKUP

20 THE LEGAL DOCUMENTS OUT OF HIS TWO BOXES, OF HIS PROPERTY (see WALTON DECL. #1)

21 C/O FUGUNDES BROUGHT INMATE C. WALTON BACK TO THE CELL, C/O HASKEL, WAS

22 GIVING ME MY CANTEEN THROUGH THE FOOD HOLE IN THE DOOR. FUGUNDES SAID, TO ME. I

23 THOUGHT, YOU SAID, YOU DIDNT HAVE ANY MONEY? I RESPONDED BY SAYING THAT, "I GET ALL

24 MY MONEY, FROM [M]s. GREEN." THE C/O FUGUNDES LEFT MY DOOR.

25 2. THEN IN 3 MINUTE, C/O FUGUNDES WAS BACK AT MY CELL DOOR, AND SAID TO ME THE

26 CAPTAIN WANTED TO SEE ME, SO PUT HANDCUFFS ON ME AND BROUGHT ME TO THE

27 LT. DUVALL OFFICE, WHERE I STOOD IN THE MIDDLE OF C/O FUGUNDES AND Lt DUVALL

28 AND [N]URSE GREEN.

3. THEN C/O FUGUNDESS STARTED ANSWERING (?"ASKING") ME QUESTIONS ABOUT, WHERE I GET MY MONEY FROM. AND DID I SAY THAT [N]URSE GREEN GAVE ME MONEY FOR MY CANTEEN? I RESPONDED TO C/O FUGUNDES QUESTIONS IN FRONT OF THE LT. DUVALL AND NURSE GREEN, BY SAYING TO THEM. [N]URSE GREEN HAVE NEVER GAVE ME ANY MONEY OR NEVER PUT MONEY ON MY BOOKS, AND I SAID THAT MY FAMILY GIVES ME MONEY, AND I SAID C/O FUGUNDESS IS TRYING TO SET-ME-UP!! BECAUSE MY CHARGES WAS DROPPED (see EXHIBIT "Piii") AND C/O, DEFENDANT, T. DEEGAN WAS HIS FRIEND. THEN C/O FUGUNDESS SAID WHAT IF I BRING YOUR CELLY WALTON IN HERE? I SAY, TO THAT QUESTION, YOU C/O FUGUNDESS JUST HAD MY CELLY IN THE SHOWER (RETURNING HIS PROPERTY). I DON'T KNOW IF YOU THREATENED HIM OR NOT, SO BRING HIM AND WE'LL SEE. SO THE LT. ASK ME, IM I CALLING HIS OFFICER A LIE. I ANSWER BY SAYING THAT C/O FUGUNDES MADE A MISTAKE. SO LT TOLD THE C/O FUGUNDESS TO GET ME OUT OF HIS OFFICE.

4. SO THE C/O FUGUNDESS TOOK ME BACK TO MY CELL, AND ON THE WAY THE C/O FUGUNDES STARTED TO BEND MY RIGHT WRIST (THE ONE THAT WAS BROKE, see EXHIBIT 'N'), UNTIL IT STARTED TO HURT ME, AND ALSO BEND IT MORE, WHILE TAKING OFF THE HANDCUFFS, THAT I YELL OUT IN PAIN, TO HIM, YOU ARE HURTING MY WRIST. HE JUST SAID TO ME, "YOU JUST WET YOUR PANTS!" (see WALTON DECLARATION #1).

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFERNIA ON MAY 29, 2008.

_Marvin McElroy_
MARVIN McELROY

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  MARVIN MᶜELROY
                Plaintiff

7                                    DECLARATION IN SUPPORT OF

8      v                            APPLICATION FOR PRELIMINARY

9  AVENAL STATE PRISON, et al.,     INJUNCTION AND A TEMPORARY

10 JAMES D. HARTLEY,                RESTRAINING ORDER BY
                Defendantes)
11                                   JOHN W. UPSHAW, CDCR# V39102

12  _____      Civil Action No. _____

13 DECLARATION UNDER PENALTY OF PERJURY BY JOHN WILLIAM UPSHAW

14      I, JOHN UPSHAW, BEING COMPETENT TO MAKE THIS DECLARATION AND HAVING

15 PERSONAL KNOWLEDGE OF THE MATTERS STATED HEREIN, DECLARES PURSUANT 28 USC§1746:

16 1. 3/14/08 I WAS AT BLD 390 IN HOLDING CELL#2. I HEARD INMATE MᶜELROY IN CELL#1

17 CRYING OUT IN PAIN AND FEAR AND TELLING THE C/O'S HE COULD NOT RETURN TO 3 YARD.

18 THE C/O'S KEPT SAYING THAT "YOU ARE GOING WHETHER YOU LIKE OR NOT", AND THEN I HEARD

19 A CAN BEING SPRAYED (I THINK IT WAS MACE) AND MᶜELROY CRYING IN PAIN.

20 2. AT WHICH POINT THAT C/O CAME OUT OF MᶜELROY'S CELL#1 AND TOLD THE OFFICER

21 MONITORING ME TO GET ME OUT OF THERE, AND RETURN ME TO AD-SEG.

22

23

24      I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS

25 TRUE AND CORRECT. EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON

26 MAY 29, 2008.

27

28  _____
          UPSHAW, CDC# V39102

                    34

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA



MARVIN McELROY,
        Plaintiff,

    v.

AVENAL STATE PRISON et al.,
JAMES D HARTLEY, WARDEN,
        Defendent(s),

Civil Action No. _____

DECLARATION IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION BY CHARLES WALTON, CDC#F48589, PURSUANT 28 USC §1746

DECLARATION UNDER PENALTY OF PERJURY OF CHARLES WALTON

    I, CHARLES WALTON, BEING COMPETENT TO MAKE THIS DECLARATION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED HEREIN DECLARES PURSUANT TO 28 USC §1746:

1.    MAY 15, 2008 APROXIMATELY NOON AT ASP H.U. 140-1-14 AFTER C/O FAGUNDUS BROUGHT/PUT ME BACK IN MY CELL AFTER ISSUEING MY PROPERTY; THEN HE LEFT AFTER ASKING MARVIN ABOUT HIS SISTER.

2.    A FEW MINUTES LATER HE RETURNED AND CUFFED MARVIN AND TOOK HIM TO THE SERGEANTS OFFICE BY THE SALLY-PORT.

3.    ON THE WAY BACK I COULD SEE HIM PULLING MR MCELROY'S RIST AS HE PLEADED HIM SAYING, "PLEASE MY ARM.", HE SHOVED MR MCELROY BACK IN THE CELL AND SAID, "YOU MESSED YOUR PANTS 'BODY'!"; THEN BENT HIS WRIST AGAIN WHILE UNCUFFING THROUGH TRAY SLOT WHILE AT ME.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, EXCUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29, 2008.

CHARLES WALTON

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  MARVIN M°ELROY,                              Civil Action No. _____
        Plaintiff,
7      v.                                       DECLARATION IN SUPPORT OF
8  AVENAL STATE PRISON, et al.,                 APPLICATION FOR ORDER TO
9  JAMES D. HARTLEY, (A) WARDEN,                SHOW CAUSE FOR A
10                                              PRELIMINARY INJUNCTION AND A
11                                              TEMPORARY RESTRAINING ORDER
12                                              BY
13         Defendant(s).                        CHARLES WALTON, F48589

14  DECLARATION UNDER PENALTY OF PERJURY BY CHARLES WALTON
15      I, CHARLES WALTON, BEING COMPETENT TO MAKE THIS DECLARATION AND
16  HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED HEREIN, DECLARES
17  PURSUANT TO 28 USC § 1746;
18  1.   THAT ASP PERSONNEL AND OFFICIALS WORK IN CONCERT AT HINDERING INMATES,
19  ACCESS TO THE COURT/ABILITY TO EFFECTIVELY AND ADEQUATELY LITIGATE ACTION
20  IN COURT, ONCE INITIATED.
21  2.   ASP STAFF/PERSONNEL DENY INMATES THEIR RIGHT TO CONFIDENTIAL
22  CORRESPONDENCE UNDER 15 CCR § 3141. THEREBY MAKING IT NEARLY IMPOSSIBLE TO
23  SERVE ANY NOTICE ON THE DEFENDANTS THAT THE COURTS MAY REQUIRE AS
24  PART OF RULES OF PROCEDURE, THEREBY CAUSING AN INMATE CASE TO BE DISMISSED
25  FOR FAILING TO SATISFY SOME TECHNICAL REQUIREMENT.
26  3.   I HAVE PERSONALLY BEEN DENIED CONFIDENTIAL CORRESPONDENCE ON SEVERAL
27  OCCASSIONS.
28  4.    1/17/08 ASP HU 350 C/O SADAC READ MY OUTGOING LEGAL MAIL VIOLATING

36

1  OP.#009, AND HE ALSO GAVE LEGAL ADVISE, AS TO I<sup>who</sup> CAN WRITE AND HOW TO

2  ADDRESS MY LEGAL MAIL.

3  5.  1/21/08  C/O JADAC READ LEGAL MAIL AGAIN THIS TIME C/O GOODSON WATCH HIM.

4  6.  1/22/08  C/O SANDAVOL WENT THROUGH MY LEGAL PROPERTY. THE INMATES

5  ASSIGNED TO DORM 19'S BOOKS 32L, 32M AND 34L WITNESSED HER.

6  7.  1/29/08  C/O PERKINS ATTEMPTED TO DISCOURAGE ME FROM SENDING LEGAL

7  MAIL, ASKING/MAKING "WHO ARE YOU WINNING TO", "YOU GOT A LOT OF LEGAL MAIL".

8  8.  2/17/08  ASP HU 320 C/OS PATTY AND WOLF TRIED TO PREVENT ME FROM

9  CORRESPONDING WITH PRT CONFIDENTIALLY WITH PRISON OFFICIALS

10  9.  3/6/08  GABRIELA RESINDEZ CAUSED CV-07-0550-SBA TO BE DISMISSED

11  WITHHOLDING NEED CERTIFIED TRUST STATEMENT.

12  10.  4/29/08  ASP HU 140  C/O OLSEN HE WAS GIVEN "ORDERS" THAT INMATES ARE

13  NOT ALLOWED CONFIDENTIAL CORRESPONDENCE WITH CAPTAIN ARLINE NOR ANY OTHER

14  PRISON OFFICIALS.

15  11.  4/30/08  HU140 C/O DOE REFUSED TO ALLOW CONFIDENTIAL CORRESPONDENCE

16  WITH THE CAPTAIN.

17  12.  5/14/08  HU. 140  C/O M. BASS WHILE COLLECTING LEGAL MAIL ASK WHY

18  DO WE SEND SO MUCH LEGAL MAIL, AND THAT INMATES AREN'T ALLOWED TO

19  CONFIDENTIALLY CORRESPOND WITH "CDC STAFF/OFFICERS".

20  13.  5/15/08  HU140 M. BASS REFUSED TO ALLOW THE PLAINTIFF, MR. MCELROY,

21  TO CORRESPOND CONFIDENTIALLY WITH A CDC OFFICER.

22  I, DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

23  AND CORRECT, EXECUTED AT AVENAL AT KINGS COUNTY OF CALIFORNIA ON MAY 29, 2008.

24

25  _____

26  CHARLES WALTON

27

28

37